## No. _____

# In the United States Court of Appeals for the Fifth Circuit

_____

### In RE Peter Beasley II,

*Petitioner.*

_____

United States District Court for the
Northern District Court of Texas, Dallas Division

(No. 3:20-cv-03008-X-BT) (Hon. Brantley Starr)

_____

## PETITION FOR WRIT OF MANDAMUS AND REQUEST FOR EMERGENCY SUPERVISORY ORDER

_____

Peter Beasley, *pro se*
P.O. Box 831359
Richardson, TX 75083
(972) 365-1170

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities have an interest in this case as described in the fourth sentence of Fifth Circuit Local Rule 28.2.1. These representations are made so the judges of this Court may evaluate possible disqualification or recusal.

## Petitioner

1. Peter Beasley, 12915 Fall Manor Drive, Dallas, TX 75243, the pro se plaintiff, has a financial interest in the outcome.

## Respondents

1. Dennis Schultz, ("Schultz") a citizen of New Jersey when the underlying suit was filed

2. Gregory Greenlee, ("Greenlee") a citizen of Ohio when the underlying lawsuit was filed

3. Blacks in Technology, LLC, ("BIT, LLC") an Ohio Limited Liability Corporation.

4. Blacks in Technology International, ("BIT International") a Texas nonprofit corporation

5. Blacks in Technology Texas, ("BIT Texas") a Texas nonprofit corporation

6. Blacks United in Leading Technology International, ("BUiLT") a Texas nonprofit corporation.

**Attorneys for Respondents**

1. Gregory Greenlee and BIT, LLC, are represented by Colin Powell of Hartline Barger LLP

2. Dennis Schultz is represented by Brad Ryynanen of The Ryynanen Law Office, PLLC

3. Blacks in Technology International, Blacks in Technology Texas, and Blacks United in Leading Technology International are represented by Valerie Yanaros, of Yanaros Law, P.C.

      /s/Peter Beasley

Peter Beasley, *pro se*

iii

# I.   TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS....................................ii

I.      TABLE OF CONTENTS...............................................iv

II.     TABLE OF AUTHORITIES ........................................vii

III.    NOTICE OF RELATED FILING ..................................1

IV.     INTRODUCTION ......................................................2

V.      RELIEF SOUGHT .....................................................3

VI.     ISSUES PRESENTED ................................................4

1. Whether this court, based on a request made for the first time
   through a petition in mandamus, may disqualify a judge under
   28 USC § 455 when evidence of pervasive bias exists.


2. Whether a trial judge abuses his discretion by ordering public
   disclosure of private, embarrassing facts of no concern to the
   public without affording a third-party right of non-disclosure.


3. Whether a court of appeals may order a document sealed.

VII.    BACKGROUND ........................................................................ 5

VIII.   ARGUMENT AND AUTHORITIES ........................................... 9

   A.    PETITIONER HAS NO OTHER WAY TO OBTAIN RELIEF
      OTHER THAN BY MANDUMUS ............................................. 9

   B.    THE COURT'S ABUSE OF ITS DISCRETION IS
      INDISPUTABLE ...................................................................... 14

      1. Disqualification can be sought the first time on appeal ... 14

      2. It is plain error to order the publication of a document
         concerning the rights of a 3rd party ................................... 15

      3. Evidence of pervasive bias and egregious error exists ..... 17

   C.    AN IMMEDIATE SUPERVISORY ORDER IS WARRANTED 22

IX.    EXTRAORDINARY RELIEF IS WARRANTED ....................... 23

X.     PRAYER .................................................................................. 26

XI.    CERTIFICATE OF SERVICE .................................................. 28

XII.   CERTIFICATE OF COMPLIANCE ......................................... 29

## II.   TABLE OF AUTHORITIES

**Constitutional Provisions**

Const. amed.V ........................................................................ 16

**Cases**

*Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34-36, 101 S.Ct. 188, 189-91, 66 L.Ed.2d 193 (1980) ............................................. 14

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, (5th Cir. 2021) ....... 7, 15

*Bradley on Behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) . 20

*Briggs,* 514 F.2d 794, 802-06 (5th Cir.1975) .......................................... 16

*Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex. 1994) ......................... 16

*Caris MPI, Inc. v. UnitedHealthcare, Inc.*, No. 3:21-CV-3101-X, 2023 WL 3610582 (N.D. Tex. May 29, 2023) ...................................... 19

*Cohen,*  337 U.S. 541, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949).... 11, 12

*Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) ......................................................... 12

*Dallas Morning News, Inc. v. Tatum,* 554 S.W.3d 614, 624 (Tex. 2018) 17

*Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1050-52 (5th Cir.1975) ............................................. 18

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994)................................................ 11, 25

*Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir.2005) ..................................... 20

*Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 216 (5th Cir. 1998) . 14

*In re Abbott*, 954 F.3d 772 (5th Cir. 2020) ....................................... 24, 25

*In re Burlington N., Inc.,* 822 F.2d 518, 523 (5th Cir.1987) ................... 25

*In re Cajun Elec. Power Co-op, Inc.*, 791 F.2d 353, 365 (5th Cir.1986).. 14

*In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) .............. 22

*In re Copley Press, Inc.,* 518 F.3d 1022, 1025 (9th Cir. 2008) ................ 22

*In re Fibreboard Corp.,* 893 F.2d 706, 707 (5th Cir.1990)...................... 10

*In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019) .......... 24

*In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 294 (5th Cir. 2015) .. 25

*In re Papandreou,* 139 F.3d 247, (D.C. Cir. 1998) ................................. 24

*In re Smith,* 656 F.2d 1101, 1106 (5th Cir.1981)........................... 2, 16, 23

*In re Willy,* 831 F.2d 545, 549 (5th Cir.1987) ....................................... 10

*June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, (5th Cir. 2022) .. 7, 15, 20

*Mallard v. United States Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989).............................. 9

*Mangum v. Hargett*, 67 F.3d 80, 82 (5th Cir.1995) ................................ 14

*Marcus Jarrod Payne v. Stacy Eley Payne*, No. 3:22-CV-2709-X, 2023

   WL 3085281 (N.D. Tex. Apr. 27, 2023)................................................ 19

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111, 130 S.Ct. 599, 175

   L.Ed.2d 458 (2009) ............................................................................ 25

*Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 894

   (D.Cal.1993) ...................................................................................... 20

*O'Brien v. Continental Illinois National Bank and Trust Co.,* 593 F.2d

   54 (7th Cir. 1979) ............................................................................... 21

*Ramachandran v. Jain*, No. 3:18-CV-00811-X, 2020 WL 5253847 (N.D.

   Tex. Sept. 3, 2020).............................................................................. 19

*Stands Over Bull v. Bureau of Indian Affairs*, 442 F.Supp. 360, 367

   (D.Mont.1977) .................................................................................... 21

*Swint v. Chambers County Comm'n,* 514 U.S. 35, 42, 115 S.Ct. 1203,

   1207, 131 L.Ed.2d 60 (1995) ............................................................. 12

U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976)...................................... 18

*United States v. Bertoli*, 994 F.2d 1002, 1014 (3d Cir. 1993) ................. 25

*United States v. Briggs,* 514 F.2d 794, 799 (5th Cir. 1974).................... 10

*United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006)................ 19

*United States v. Philip Morris Inc.,* 314 F.3d 612, 617 (D.C.Cir.2003)..12

*United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998) ............14

*United States v. Schreiber*, 599 F.2d 534, 535-36 (3d Cir.) ....................15

*United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989)...................15

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.,* 913 F.3d 443,

   448 (5th Cir. 2019) ................................................................13

*Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712

   (1975)....................................................................................23

### Statutes

28 USC §144 ..................................................................... 11, 22

28 USC § 455 ................................................................. 4, 14, 22

28 USC § 455(a)..................................................................... 18

## III.     NOTICE OF RELATED FILING

This is Petitioner's second original proceeding petition related to the same underlying conflict.

The first petition, Case: 24-10351, was filed on April 19, 2024, and decided by Justices Jones, Higginson, and Ho on July 29, 2024.

———————————————

## IV.   INTRODUCTION

"No legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights." *In re Smith,* 656 F.2d 1101, 1106 (5th Cir.1981). On Tuesday, September 10, 2024, the district court ordered the public disclosure of private, embarrassing facts of no concern to the public in a litigation to which Petitioner was not a party—an official public smear. No one gave Petitioner advance notice of the potential public publication, whereby he could protect his rights.

This sort of thing has happened before, for which mandamus can lie. *Id*. The court's first duty has been to protect the smeared citizen from future harm with an immediate order to seal the document.

Two underlying lawsuits stem from this very document[1], sent privately from August 17 - 18, 2020, by Respondent Dennis Schultz, to Petitioner's board members and nonprofit chapter leaders when he was 61. (Appx. p. 79). He contends he lost his job then from this defamatory publication, and now at age 65, here it surfaces again.

---

[1] 3:20-cv-3008-X, *Blacks in Technology International v. Blacks in Technology LLC et al.*, and 3:22-cv-0532-X-BT, *Beasley v. Greenlee, et. al.,*

This court opined, "We can think of no reason to distinguish between an official defamation originating from a federal grand jury or an Assistant United States Attorney," *Id.*—or now, a district judge.

There is no legal authority or precedent for a district court to order the public disclosure of a third party's private affairs of embarrassing facts of no concern to the public.

Litigants who seek relief by petition in mandamus from the courts of appeal, as Petitioner did once recently before, should not be subjected to malice from trial judges for doing so.

Mandamus can lie to disqualify a judge for pervasive bias.

## V.   RELIEF SOUGHT

Petitioner respectfully requests this Court grant his petition for an immediate supervisory order to the Clerk for the United States District Court for Northern Texas to destroy document No. 340 in *Blacks in Technology International v. Blacks in Technology LLC et al.*, 3:20-cv-3008-X, and an order that Judge Starr takes no further action, other than a self-recusal if he so chooses, pending resolution of the disqualification motion, now pending in this court.

On the merits of this original proceeding, Petitioner seeks a writ of mandamus disqualifying Judge Starr and for the assignment of another judge.

———————————————

## VI.   ISSUES PRESENTED

4. Whether this court, based on a request made for the first time through a petition in mandamus, may disqualify a judge under 28 USC § 455 when evidence of pervasive bias exists.

5. Whether a trial judge abuses his discretion by ordering public disclosure of private, embarrassing facts of no concern to the public without affording a third-party right of non-disclosure.

6. Whether a court of appeals may order a document sealed.

———————————————

## VII.    BACKGROUND

Petitioner was first dragged into court, as a defendant, by Blacks in Technology, LLC, ("BIT, LLC"), *Blacks in Technology International v. Blacks in Technology LLC et al.*, 3:20-cv-3008-X, suing Beasley for an alleged fraud[2]. Beasley counter-sued on July 19, 2022, attempting to recover damages under the civil RICO statute and his litigation costs, which included deposition expenses. On July 30, 2022, Beasley voluntarily amended his paper-filed complaint with an electronic complaint—his live First Amended Complaint. (Appx. 5 - 48.)

On November 18, 2021, BIT, LLC and Greenlee moved for judgment on the pleadings. On November 21, 2021, Petitioner moved to strike the defendant's Rule 12(c) motion on the theory that it was filed premature, arguing the pleadings were still open. (Appx. p. 77 -106).

On May 26, 2022, the court denied the motion to strike, granted judgment on the pleadings in favor of all defendants, and removed Petitioner as a party. (Appx. p. 51.)

---

[2] The district court, Judge Starr, on May, 26, 2022, dismissed those claims against Beasley with prejudice.

On April 13, 2023, the district court vacated the trial setting and on July 17, 2023, administratively closed the case. (Appx. p. 53).

A year later, on July 24, 2023, BIT, LLC filed its Third Amended Counterclaim, which in its "Prayer for Relief" sought damages from Petitioner. Petitioner answered those claims, but on August 31, 2023, the district court struck Petitioner's answer and removed him again as a party. (Appx. p. 53).

**Beasley took no other action in district court since 2023 after being removed for a second time.**

On April 19, 2024, Petitioner filed a petition for writ of mandamus in this court seeking a supervisory order to obtain a trial date to move the underlying lawsuit to a final judgment. During the pendency of that original proceeding, on May 23, 2024, the district court set a trial date for March 2025. (Appx. p. 54). This court denied Petitioner relief, saying, "As for Beasley's requests that this court issue scheduling orders and supervise the district court proceedings, ***as Beasley is not a party at this time***, he is not clearly entitled to the requested relief." (Appx. p.53). (emphasis added.)

6

On September 6, 2024, the original Plaintiff, Blacks in Technology International, filed an unopposed motion to seal exhibits in support of its defense to a motion for summary judgment. (Appx. p. 56 - 60). By counsel, they argued:

> "Exhibit "A" to the Sealed Appendix contains an email that contains a multitude of unfounded personal attacks and accusations against BIT International's founder Peter Beasley. Dissemination of this information could harm BIT International as it contains **criminal accusations** and other remarks that would cause those who see it ill of BIT International and Beasley. As such, Exhibit A should be kept under seal to prevent any further distribution of the unfounded attacks and remarks contained therein. The accusations do not have any potential benefit but would only prejudice the Plaintiff." (emphasis added).

The district court denied the motion to seal and, on Thursday, September 10, 2024, at 10:06 am, ordered (Appx. p. 62 - 65) the document be filed publicly, and cited this court's holding of *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, (5th Cir. 2022), and *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, (5th Cir. 2021) as authority. The court noted, "Plaintiff (BIT International) failed to conduct the kind of detailed, line-by-line analysis the Fifth Circuit requires for sealing," (Appx. p. 64), describing, "Plaintiff's argument for the document's

7

sensitivity is conclusory rather than reflecting any kind of specific

analysis."

The district court described further:

> "The Court has analyzed the documents line-by-line and
> page-by-page, weighing the public's right of access against
> the interests favoring nondisclosure." "***Most of the email
> summarizes and then charts publicly available legal
> information about Peter Beasley, who is a party to this
> lawsuit.***" "The Court's instructions are the result of a page-
> by-page, line-by-line analysis. (emphasis added).

On Tuesday, September 10, 2024, at 10:16 a.m., (ten minutes

later), counsel for BIT International filed the document publicly, non-

redacted in any way, ("Public Disclosure"). (Sealed Exhibit a)[3]

The district court's recital that Peter Beasley is a party to the

lawsuit is not truthful. Upon a camera review of the Public Disclosure,

most of the document is NOT a chart of publicly available information.

Peter Beasley declares he was not informed in advance about the

forthcoming public disclosure by the court, or by counsel for BIT

International. He noticed the unredacted document (doc. 340) on the

---

[3] Plaintiff is pro se and is filing a motion with the Clerk to obtain permission to file documents electronically, to then file a motion for leave to file Exhibit a under seal.

court's docket on Thursday, September 12, 2024, and this petition for relief has been filed promptly.

Status of the Underlying Proceedings

Trial is scheduled for March 2025 (Appx. p. 54), and Defendant Schultz's reply to his motion for summary judgment is due by September 17, 2024.

The August 17 – 18, 2020, Public Disclosure document in question was written by Shultz, provided in discovery by Schultz, and agreed by Schultz to be sealed. (Appx. p. 2 – 3, 60).

_____

## VIII.   ARGUMENT AND AUTHORITIES

### A. PETITIONER HAS NO OTHER WAY TO OBTAIN RELIEF OTHER THAN BY MANDUMUS

The standards are well established: "[P]etitioners must show that they lack adequate alternative means to obtain the relief they seek ... and carry the 'burden of showing that [their] right to issuance of the writ is "clear and indisputable."' *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989) (citations omitted); *In re Fibreboard Corp.,* 893 F.2d 706, 707 (5th

Cir.1990); *In re Willy,* 831 F.2d 545, 549 (5th Cir.1987). The test contains two prongs, one procedural and one substantive.

Petitioner lacks any alternate means of relief to 1) immediately delete the Public Disclosure and allow him the opportunity to protect his privacy, or 2) have any forthcoming hearing about sealing the document heard by an unbiased judge.

This court has documented that Petitioner had been removed from the underlying proceedings, and the trial judge struck the motions Petitioner filed. (Appx. p. 51, 52, 53) The hope of filing a Rule 24 motion to join and intervene in the lawsuit to protect his rights is forestalled by the challenge this Court identified in *United States v. Briggs,* 514 F.2d 794, 799 (5th Cir. 1974) addressed: Who can the Petitioner sue? The trial judge is immune from suit, and BIT International and their counsel were ordered to file the Public Disclosure. Petitioner filing a complaint in intervention to become a party to seek withdrawal of the Public Disclosure is hampered by finding a defendant.

***Petitioner's enemy is now also time***, and the relief he asks for, to immediately delete a document filed publicly, (one which can be refiled, if necessary), is the kind of mild relief the *Briggs* court identified

10

in a request to expunge. There is no remedy by appeal from the day-by-day public smearing from a false document with private, embarrassing facts of no concern to the public.

Likewise, since Beasley was removed as a party, he has no standing to file a 28 USC §144 affidavit to seek the judge's recusal and obtain an unbiased judge to determine the document's sensitivity.

<u>The Collateral Doctrine Does Not Apply</u>

The district judge invites that his Public Disclosure order is immediately appealable under the collateral doctrine principle. (Appx. p. 63).

"The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction' of it." *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994) (quoting *Cohen,* 337 U.S. 541, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949)). The collateral order doctrine allows appeals from the "small category" of decisions "that are conclusive, that resolve important questions separate from the merits, and that are effectively

unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42, 115 S.Ct. 1203, 1207, 131 L.Ed.2d 60 (1995); *see United States v. Philip Morris Inc.,* 314 F.3d 612, 617 (D.C.Cir.2003).

The exception requires that the order (1) must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Cohen v. Industrial Loan Corp.,Id.*

Hardly could the Public Disclosure order conclusively determine a disputed question when Petitioner was not allowed to participate in the process. Both BIT International and Schultz agreed to keeping the document sealed; however, Petitioner, whose rights were affected, was not consulted about any potential public disclosure.

Further, the document's relevance and its admissibility is not separate from the merits of the action. BIT International and Beasley contend it's this very document, (Sealed Appx. a), and the conspiring

between Schultz and Greenlee that it represents, caused the conflict in the first place. The authenticity, relevance, and importance of this document is completely intertwined and not separate from the underlying controversy.

This court applied the collateral order doctrine to permit an immediate appeal by a nonparty from an order allowing its confidential business documents to be filed unsealed. *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.,* 913 F.3d 443, 448 (5th Cir. 2019). The facts there are distinguished as 1) in the midst of a complex antitrust case, the district court ordered that certain confidential business documents belonging to a non-litigant party should be unsealed (but redacted) if and when they are filed on the public docket, and 2) the nonparty to the antitrust litigation, Humana, took part in the line-by-line review of the challenged documents.

The collateral order doctrine was applicable in *Vantage* as the court conducted multiple hearings, which offered Humana an ample, opportunity to defend the entire confidentiality of its documents. Lastly, the court attempted to protect Humana's legitimate business needs by redacting competitively sensitive confidential information.

13

None of these protections were afforded to Petitioner. He never participated in any part of the process to make the public disclosure, and because he was not a party, an appeal under the collateral doctrine order risks being dismissed for lack of standing.

## B. THE COURT'S ABUSE OF ITS DISCRETION IS INDISPUTABLE

> Mandamus is "available only where there is a clear and indisputable abuse of discretion or usurpation of judicial power by the trial court." *In re Cajun Elec. Power Co-op, Inc.*, 791 F.2d 353, 365 (5th Cir.1986) (*citing Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34-36, 101 S.Ct. 188, 189-91, 66 L.Ed.2d 193 (1980)).

### 1. Disqualification can be sought the first time on appeal

This court has repeatedly observed that it "has not 'yet clearly defined the scope of our review of § 455 issues raised for the first time on appeal.'" *See Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 216 (5th Cir. 1998) (*quoting Mangum v. Hargett*, 67 F.3d 80, 82 (5th Cir.1995) (*quoting McKethan v. Texas Farm Bureau*, 996 F.2d 734, 744 n. 31 (5th Cir.1993))). Although there is an inferred timeliness requirement from § 455, no *per se* rule on untimeliness has been adopted. *United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998).

14

Some courts will review a motion for disqualification for the first time on appeal under a plain-error rule, even if the parties did not raise the matter in the district court. *See, e.g., United States v. Schreiber*, 599 F.2d 534, 535-36 (3d Cir.), cert. denied, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979). In general, reversal for "plain error" requires a showing of "particularly egregious errors" resulting in a "miscarriage of justice." *See United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989), *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985).

2. It is plain error to order the publication of a document concerning the rights of a 3rd party

This court's standard for denying motions to seal documents in *June Med. Servs., Id.*, and *Binh Hoa Le Id.*, which the district court relied upon, does not authorize a district court to order a document to be disclosed; instead, it describes when a request to seal should be granted or denied. Likewise, the district court's local rules make no mention of this and do not authorize a judge to order a litigant to file a document unsealed.

The Due Process Clause of the Fifth Amendment, Const. amed.V, protects individuals from governmental accusations of criminal misconduct without providing a proper forum for vindication. *See, e.g., In re Smith, Id.* (citing *Briggs,* 514 F.2d 794, 802-06 (5th Cir.1975)). "The point made in the *Briggs* decision is that no legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights." *In re Smith, Id.* at 1106. The government may not order another person to do what it cannot do that would violate Due Process.

The court did not specifically balance Petitioner's privacy rights. Petitioner is a Texan, and Texas recognizes an intentional tort of public disclosure of embarrassing private facts. *See Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex. 1994) (discussing cases recognizing each type of privacy right). The considerations the court listed were those of the public, but were required to demonstrate the rights of those affected by the disclosure were considered, too.

### 3.  Evidence of pervasive bias and egregious error exists

The court's recital that Petitioner was a party to the lawsuit, to suggest he was afforded due process, is an egregious misstatement of fact. **It was without question that Petitioner was no longer a party.**

Texas recognizes the common-law rule that defamation is either *per se* or *per quod*. Defamation *per se* occurs when a statement is so obviously detrimental to one's good name that a jury may presume general damages, such as for loss of reputation or for mental anguish. *Dallas Morning News, Inc. v. Tatum,* 554 S.W.3d 614, 624 (Tex. 2018). Upon an in-camera view of the Public Disclosure, this court will see that the district court's characterization of the Public Disclosure grossly and perhaps maliciously understates and omits the allegations of criminal and sexual misconduct Schultz dreamed up—a defamation *per se*. (Sealed Exhibit a).

Petitioner had no involvement with the trial process in these proceedings since he was removed on August 31, 2023. Petitioner did file and advance a petition in this court for mandamus relief against the district judge just days before the order to file the Public Disclosure,

17

and ethical considerations prohibit a trial court from punishing a litigant for taking a legitimate legal option he was entitled to take.

Only bias from an extra-judicial source may typically warrant judicial disqualification; however, there is an exception to that rule when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that they constitute bias against a party. *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1050-52 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

Judge Starr's remarks that Petitioner was a party in 2024 defies the gravity of truth. To say that the Public Disclosure merely "summarizes and then charts publicly available legal information about Peter Beasley" stretches the boundaries of fact and logic into a space of fantasy and make-believe.

A judge shall disqualify herself "in any proceeding in which his impartiality might reasonably be questioned." 28 USC § 455(a). An objective standard of reasonableness is applied in determining whether recusal is required, *United States v. Martinez*, 446 F.3d 878, 883 (8th

Cir. 2006), and judges who make up facts, and fashion their own law leave no doubt that disqualification is required.

It is interesting to note that Judge Starr routinely denies motions to seal without prejudice, *Caris MPI, Inc. v. UnitedHealthcare, Inc.*, No. 3:21-CV-3101-X, 2023 WL 3610582 (N.D. Tex. May 29, 2023)(Brantley Starr), *Marcus Jarrod Payne v. Stacy Eley Payne*, No. 3:22-CV-2709-X, 2023 WL 3085281 (N.D. Tex. Apr. 27, 2023) (Brantley Starr), *Ramachandran v. Jain*, No. 3:18-CV-00811-X, 2020 WL 5253847 (N.D. Tex. Sept. 3, 2020) (Brantley Starr), and never, based on a diligent search, has Judge Starr ever ordered a document disclosed, which he denied from being sealed. Given Judge Starr's experience with the procedure for sealing documents and given BIT International's recitation of some potential harm to Petitioner, Judge Starr abused his discretion, ordering the documents to be made public without allowing them to be redacted, or withdrawn.

Ordering the Public Disclosure was based on erroneous facts (that Petitioner was a party) and an erroneous legal conclusion (that a district court has authority to order a document filed publicly.) A court abuses its discretion when it "(1) relies on clearly erroneous factual

19

findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *June Med. Servs., Id.* at 519, (quoting *Bradley on Behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020)).

Egregious, pervasive error exists on the merits of the underlying cause, as well. As mentioned, Judge Starr removed Petitioner as a party the first time by sustaining a Rule 12(c) motion for judgment on the pleadings; although, defendant Schultz had not answered. (Appx. p. 78 - 80). Petitioner's federal claims should not have been dismissed.

Pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering. *See Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir.2005). Under Rule 12(c), a motion for judgment on the pleadings cannot be filed until the pleadings are "closed."

Courts addressing this issue have held that "closed" means every defendant must file an answer before a Rule 12(c) motion can be filed. *See Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 894 (D.Cal.1993) ("Ordinarily, this means that a Rule 12(c) motion must await the answers of all defendants."); *Stands Over Bull v. Bureau of*

*Indian Affairs*, 442 F.Supp. 360, 367 (D.Mont.1977) ("When a defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy").

Petitioner claims the contents of the August 17 – 18, 2020, Public Disclosure defame him. On May 23, 2022, Judge Star remanded Petitioner's defamation claims against Schultz to state court after the statute of limitations had expired. "That a plaintiff's state law claims will be time-barred if dismissed is certainly a factor, if not a determinative factor, a district court should consider in deciding whether to maintain jurisdiction over pendent state claims once the federal claims have been resolved." *O'Brien v. Continental Illinois National Bank and Trust Co.,* 593 F.2d 54 (7th Cir. 1979) ("plaintiffs should have been permitted to pursue their pendent state claims in the federal actions . . when there [was] a substantial possibility that a subsequent state court suit on the claim [would] be time-barred." *Id.* at 65)

Evidence of a longstanding, pattern, pervasive bias now shines through. As such, Judge Starr's disqualification can be achieved by a challenge made the first time on appeal.

21

## C.  AN IMMEDIATE SUPERVISORY ORDER IS WARRANTED

Ordinarily, Petitioner could have filed a 28 USC § 144 motion to recuse the judge, but the trial judge removed Petitioner as a party before a pattern, pervasive, bias could be shown. If that process had been available to the Petitioner, the respondent judge would be prohibited from taking further action during the judicial disqualification challenge.

When considering a 28 USC § 455 challenge, this court stays proceedings in the trial court, *See, In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997)( immediately setting the petition for oral argument, and staying further evidentiary hearings in the case pending ruling). Petitioner also seeks an emergency supervisory order directing respondent, Judge Brantley Starr, to take no further action in *Blacks in Technology International v. Blacks in Technology LLC et al.*, 3:20-cv-3008-X, except as ordered by this court.

The Public Disclosure order, unsealing a document cannot be undone, for "[s]ecrecy is a one-way street" and "[o]nce information is published, it cannot be made secret again." *In re Copley Press, Inc.,* 518 F.3d 1022, 1025 (9th Cir. 2008). Petitioner seeks an emergency order be

22

issued to the Clerk for the Northern District of Texas to obliterate and delete document 340, filed by BIT International, on September 9, 2024.

The remedy to destroy the Public Disclosure, since it can be refiled, if warranted, yields the necessary balancing between the Petitioner's right to privacy and the public's right to have transparency in documents filed in judicial proceedings. With him having been excluded from the prior review, constitutional liberty tips in favor of the individual. *See, In re Smith*, *Id*. at 1102. Deleting the document, that can refiled, hurts no one.

———————————————

## IX.   EXTRAORDINARY RELIEF IS WARRANTED

There are circumstances "in which experience teaches that the probability of actual bias on the part of a judge or decision-maker is too high to be constitutionally tolerable." *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). With that in mind, Petitioner must also demonstrate, in the exercise of this Court's discretion, it is satisfied that the writ is appropriate under the circumstances. *In re Abbott*, 954 F.3d 772, 781 (5th Cir. 2020).

23

Applying review by mandamus in this action gives instruction to other courts and jurists on the proper balancing between an appeal under the collateral doctrine verses by mandamus. The D.C. Circuit held *In re Papandreou,* 139 F.3d 247, (D.C. Cir. 1998), relief by mandamus was appropriate when the discovery challenge by a nonparty was intertwined with a sovereign immunity privilege.

Here, the intertwined judicial disqualification challenge suggests review by mandamus is appropriate. One view suggests the Public Disclosure Order was not an order related to sealing at all, but an display of a perverse, judicial bias, with its own independent character.

The suggestion that the district judge's disclosure of Petitioner's private affairs was a result of his seeking relief in this court to get a trial date is the kind of circumstance in which the extraordinary writ should be issued. This case is "especially appropriate where the issues implicated have importance beyond the immediate case." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019) (*quoting In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 294 (5th Cir. 2015). The Supreme Court and this Court prescribe that mandamus provides a useful safety-value for promptly correcting serious errors." *In re Abbott*,

24

*Id.* at 786; *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009) (*quoting Digital Equipment Corp. Id.*) The pervasive bias demonstrated in this petition represent serious error.

The violations of Due Process—exposing 3rd party documents without their review—portrayed here attack the judicial system's integrity. These are "issues that implicate not only the parties' interests but those of the judicial system itself." *United States v. Bertoli*, 994 F.2d 1002, 1014 (3d Cir. 1993).

The district court's order in this case are not mere discretionary ones but rather turn on legal questions appropriate for appellate review. *In re Burlington N., Inc.,* 822 F.2d 518, 523 (5th Cir.1987). The trial judge had no legal authority to force the Public Disclosure. He was required to recuse himself, but failed to do so. These types of illustrations are what the review by mandamus best highlights.

## X.   PRAYER

Petitioner requests this emergency original proceeding be set on the court's docket for consideration at the earliest setting. If the court so desires, cite the respondents to file an expedited response.

Petitioner requests, by contemporaneously filed motion today, him being *pro se*, to be allowed to file documents electronically where he can ask for leave to file "Sealed Exhibit a" under seal.

Petitioner requests a immediate temporary supervisory order, 28 USC § 2106, to direct that Judge Starr take no further action, except a voluntary self-recusal, if he chooses to do so, and a supervisory order issued to the Clerk for the Northern District of Texas to delete and destroy document No. 340 in *Blacks in Technology International v. Blacks in Technology LLC et al.*, 3:20-cv-3008-X in its entirety.

Upon hearing, or through this court's supervision, Petitioner seeks a writ of mandamus to disqualify the Honorable Judge Brantley Starr and direct the Chief Judge of the Northern District of Texas to assign a new judge, with an order to direct BIT International to make a line-by-line analysis of the subject exhibits to seal or redact them again.

26

Respectfully

  /s/Peter Beasley
Peter Beasley, Petitioner, *pro se*

Peter Beasley
P.O. Box 831359
Richardson, TX 75083
(972) 365-1170

## XI.   CERTIFICATE OF SERVICE

Petitioner Peter Beasley hereby certifies that this foregoing Petition was filed and emailed to Respondents,

- the Honorable Brantley Starr at
  Judge_Starr@txnd.uscourts.gov,

- Gregory Greenlee and Blacks in Technology, LLC, through their counsel, Colin L. Powell, at cpowell@hartlinebarger.com,

- Dennis Schultz, through his counsel, Brad Ryynanen, at
  brad@bdrlegal.com,

- Blacks in Technology International, Blacks in Technology Texas, and Blacks United in Leading Technology International, through their counsel Valerie Yanaros, at
  valerie@yanaroslaw.com,

and to the court-appointed mediator, Judge Royal Ferguson at royal@furgesonlaw.com.

  /s/Peter Beasley
Peter Beasley, Petitioner, pro se
September 16, 2024

## XII.   CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because: this brief contains **4,681** words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii),

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word version 2019 in 14-point font size and Century Schoolbook type style.

 /s/Peter Beasley

Peter Beasley, *pro se*

September 16, 2024